UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

GRACE ADAMS; JOHN CROCKETT;
HUMZA AL-HAFEEZ; RONALD L.                **MEMORANDUM AND ORDER**
KERKSTRA; PATRICIA CRENSHAW;              12 CV 4640 (KAM) (LB)
MATTHEW CRUISE; BARBARA CRUISE;
CATHRYN LAFAYETTE; CAROLE LINE
KOUMBA; MARY MUHAMMAD;
COSMAS MARTIAL MEDOUOVONO;
GREGORY L. LAMBERT; MYRON BANKS;
EMMA BRATHWAITE; CARLOTTA ANEIRO;
CLARENCE MATTHEWS; MUSLIM
MUHAMMAD; CARLA BANKS; ARZEL L.
FOSTER III,

                                          Plaintiffs,

              -against-

US BANK, NA, *et al.*,

                                          Defendants.

------------------------------------------------------------------x
**MATSUMOTO, United States District Judge:**

          On July 27, 2012, plaintiff Grace Adams ("plaintiff"

or "Adams") filed a complaint in the Supreme Court of the State

of New York, Kings County.  (Index No. 502131/2012.)  Adams then

filed a first amended complaint on August 7, 2012, and a second

amended complaint on August 29, 2012, in state court.  On

September 17, 2012, defendants Bank of America, N.A. ("Bank of

America"), and Mortgage Electronic Registration Systems, Inc.

("MERS"), removed the instant action from the Supreme Court of

the State of New York, Kings County, based on federal question

1

jurisdiction. (*See* ECF No. 1, Notice of Removal dated 9/17/12.)
Presently before the Court are two motions to transfer venue.
The first motion, filed by defendants MERS and U.S. Bank, N.A.
("U.S. Bank"), seeks to sever plaintiff Grace Adams's claims and
transfer her claims to the United States District Court for the
Eastern District of Michigan ("Eastern District of Michigan")
or, in the alternative, to dismiss the action pursuant to
Federal Rule of Civil Procedure 12(b)(6). (*See* ECF No. 34,
Notice of Motion to Sever and to Transfer Venue by U.S. Bank and
MERS dated 10/5/12.) The second motion, filed by defendants
Bank of America, CitiMortgage, Inc. ("CitiMortgage"), and
Federal National Mortgage Association ("Fannie Mae"), also
requests that the court transfer Adams's action to the Eastern
District of Michigan. (*See* ECF No. 36, Memorandum In Support of
Motion to Transfer by Bank of America dated 10/5/12.)

In addition, on October 18, 2012, defendant Wells
Fargo, N.A. ("Wells Fargo"), filed a motion to strike the third
amended complaint submitted by Adams. (*See* ECF No. 25, Mot. to
Strike Am. Comp. by Wells Fargo dated 10/18/12.) On November 5,
2012, defendant Wells Fargo filed a motion to dismiss the action
for failure to state a claim. (*See* ECF No. 42, Mot. to Dismiss
by Wells Fargo filed 11/5/12.) On November 5, 2012, defendant
Ally Bank filed a motion to dismiss the complaint. (*See* ECF No.

2

38, Mot. to Dismiss by Ally Bank filed 11/5/12.)  Adams and the purported plaintiffs have had the opportunity to submit any oppositions to the motions.

After considering the submissions and for the reasons set forth below, the court grants defendants' motions to sever and transfer the action as to the claims of Grace Adams to the Eastern District of Michigan, and dismisses without prejudice the action as to all purported plaintiffs except for Grace Adams.

## BACKGROUND

I.  **Facts**

*Pro se* plaintiff Grace Adams alleges on behalf of herself and other purported plaintiffs, that defendants, various banking and lending institutions, savings corporations, and mortgage service providers, fraudulently induced them into entering into loans and mortgages and illegally foreclosed on their real property.  Adams purports to represent herself and other *pro se* plaintiffs. However, as set forth below, she may not represent other *pro se* parties.  Adams has filed the majority of the documents in this action and signed the documents as "document preparer." (*See* ECF No. 1, Ex. 1, Complaint, First and Second Am. Compls. filed 8/7/12 and 8/29/12; *see also* ECF No. 24, Third Am. Compl. filed 10/15/12.)

3

Adams is the only person who has signed the original complaint and the first and second amended complaints, in which she purports to represent eight potential *pro se* plaintiffs.[2]  (*See* ECF No. 1, Ex. 1, Complaint, First and Second Am. Compls.) Moreover, Adams is the only person who signed the third amended complaint, filed on October 15, 2012 after removal of the action to federal court, without consent of defendants and without leave of court, in which she purports to represent eighteen potential *pro se* plaintiffs.  (*See* ECF No. 24, Third Am. Compl.)[3]

## II.  <u>Grace Adams</u>

---

[2]     The eight purported plaintiffs in the first and second amended complaints are: John Crockett, Humza Al-Hafeez, Ronald L. Kerkstra, Patricia Crenshaw, Matthew Cruise, Barbara Cruise, Cathryn Lafayette, and Marilyn Judah.  (*See* ECF No. 1, Ex. 1, Complaint, First and Second Am. Compls.)

[3]     The eighteen purported plaintiffs in the third amended complaint are: John Crockett, Humza Al-Hafeez, Ronald L. Kerkstra, Patricia Crenshaw, Matthew Cruise, Barbara Cruise, Cathryn Lafayette, Marilyn Judah, Gregory L. Lambert, Myron Banks, Carla Banks, Emma Brathwaite, Carlotta Aneiro, Clarence Matthews, Mary Muhammad, Muslim Muhammad, Carole Line Koumba, Gregory Lambert, and Cosmos Martial Medouovono.  (*See* ECF No. 24, Third Am. Compl.)

        In addition, purported *pro se* plaintiff Clarence Matthews filed a motion to amend the complaint to add even more plaintiffs, specifically, Joel Marshall, Fortunata Koellmer, Robert Koellner, and Boonnuang P. Kalof.  (*See* ECF No. 60, Mot. for Leave to Amend Complaint to Add Plaintiffs by Matthews filed 11/5/12.)  The court denies Matthews's motion to amend for the reasons set forth herein.

        Finally, purported plaintiff Arzel L. Foster III, filing as a "document preparer," filed an amended complaint, without leave from the court or consent of defendants, naming additional purported *pro se* plaintiffs Delores Simpson, Edward Simpson, the Estate of Clord Davis, Nader Alborno and Sammy Alborno.  (*See* ECF No. 77, Amended Complaint by Foster filed 12/18/12.)  The court strikes the unauthorized *pro se* amended complaint and dismisses without prejudice the claims of the purported plaintiffs named in the Foster amended complaint, for the reasons set forth herein.

4

The gravamen of Adams's complaint and amended complaints is that defendants illegally foreclosed on her property, which is located in Rochester Hills, Michigan. (*See* ECF No. 1, Ex. 1, Am. Compl. filed 8/29/12.)  In brief, in 2006, plaintiff obtained a mortgage from Wilmington Finance, which was serviced by U.S. Bank.  *See Adams v. Wilmington Fin.*, No. 07-15494, 2008 WL 2998660 (E.D. Mich. Aug. 1, 2008).  When plaintiff defaulted on the mortgage loan in 2008, U.S. Bank initiated foreclosure proceedings.

Since that time, plaintiff Adams has made numerous challenges to the Michigan foreclosure and eviction proceedings through a series of lawsuits in both the United States District Court for the Eastern District of Michigan and the United States Bankruptcy Court in the same district.[4]  *See Adams v. Wilmington Fin./AIG*, No. 12-cv-10308, 2012 WL 2905490, at *1 n.3 (E.D. Mich. May 29, 2012) (collecting cases).  Plaintiff Adams's

---

[4]    *See Adams v. Wilmington Fin., et al.*, No. 07-15494 (E.D. Mich. Dec. 27, 2007) ("*Adams I*"); *Adams v. U.S. Bank*, No. 10-10567, 2010 WL 2670702 (E.D. Mich. July 1, 2010) ("*Adams II*"); *Adams v. U.S. Bank*, No. 10-5541 (Bankr. E.D. Mich. June 16, 2010), on appeal No. 10-12481 (E.D. Mich. Mar. 18, 2011) ("*Adams III*"); *Adams v. Mortgage Elec. Registration Sys.*, No. 11-14791 (E.D. Mich. Jan. 12, 2012) ("*Adams IV*").  The bankruptcy actions are *In re Adams*, No. 08-60296 (Bankr. E.D. Mich. Aug. 21, 2008); *In re Adams*, No. 09-65692 (Bankr. E.D. Mich. Aug. 19, 2009; *In re Adams*, No. 10-44892 (Bankr. E.D. Mich. Feb. 19, 2010); *In re Adams*, No. 10-60057 (Bankr. E.D. Mich. June 21, 2010); *In re Adams*, No. 11-45799 (Bankr. E.D. Mich. Mar. 4, 2011).

previous actions have all been dismissed for failure to state a claim upon which relief may be granted, or for failure to comply with court orders. *Id.*

By order dated July 16, 2012, the United States District Court for the Eastern District of Michigan enjoined Adams from commencing any future actions in federal district court related to her foreclosure without first obtaining leave of court. *See Adams v. Springleaf Fin. Serv., et al.*, No. 12-cv-10308, 2012 WL 2905279, at *10 (E.D. Mich. July 16, 2012). The order provides in relevant part:

> Plaintiff Grace Ellis Adams is ENJOINED from filing, in federal district court, any civil lawsuit alleging or asserting factual or legal claims based upon, or arising out of, the transactions or conduct at issue in this action, or in any of her prior actions involving the same subject matter, WITHOUT FIRST APPLYING FOR AND RECEIVING A COURT ORDER AUTHORIZING THE FILING OF SUCH LAWSUIT. ANY SUCH APPLICATION BY ADAMS SHOULD INCLUDE A COPY OF THIS OPINION AND ORDER.

*Id.* (emphasis in original).

Moreover, by order dated April 25, 2013, the United States District Court for the Eastern District of Michigan permanently enjoined Adams from commencing any state court actions against defendants AIG and/or MERS seeking to re-litigate claims on which defendants prevailed. *See Adams v.*

6

*Springleaf, et al.*, No. 12-10308, 2013 WL 1774724, at *2 (E.D. Mich. Apr. 25, 2013).  The order provides in relevant part:

> 1.  Plaintiff Grace Adams is permanently enjoined from commencing against Defendant AIG and/or the MERS Defendants any future state court action seeking to re-litigate claims and/or causes of action on which those Defendants have already prevailed in this Court without attaching to her first filing in any such action a copy of (i) this Opinion and Order; (ii) the February 13, 2013 R & R (Dkt.161), *and* this Court's July 16, 2012 Opinion and Order (Dkt.145).
>
> 2.  The Court warns Plaintiff Grace Adams that if she violates the Court's injunctions she could be the subject of further sanctions or contempt of court, such as monetary fines and imprisonment. The Court directs Defendants to bring Plaintiff's violations of the Court's injunctions to the Court's attention.  Furthermore, the Court reiterates its warning — made in its March 6, 2013 Order — that Plaintiff must desist from filing in this action improper papers including, without limitation, any new complaints.  If Plaintiff resumes the filing of improper papers, such as documents purporting to amend her complaint or assert claims against Defendants in this case, the Court will not hesitate to impose sanctions on its own motion, such as monetary fines *and* a filing bar.

*Id.* (emphasis in original).

## III. **Procedural History**

The procedural history of this action is recounted in pertinent part. On July 27, 2012, Adams commenced this action in the Supreme Court of the State of New York, Kings County by the filing of a "Mass Joinder" complaint.  On August 7, 2012,

7

plaintiff filed an amended complaint, and on August 29, 2012,
she filed a second amended complaint. (*See* Docket 12-CV-4640,
ECF No. 1, Notice of Removal dated September 17, 2012, at 1-2, ¶
1.)  On September 17, 2012, defendants Bank of America and MERS
removed the instant action from the Supreme Court of the State
of New York, Kings County, based on federal-question
jurisdiction. (*See* ECF No. 1, Notice of Removal.)  On the same
day, defendants Bank of America and Fannie Mae filed a separate
notice of removal, on the grounds of diversity. (*See* ECF No. 4,
Letter Regarding Duplicate Actions filed 9/24/12.)  On September
27, 2012, the court consolidated the two actions under the lead
number and administratively closed 12-CV-4646.

     Adams and other purported plaintiffs have filed
numerous documents responding to defendants' pleadings and
motions as well as seeking various other forms of relief.
(*See, e.g.*, ECF No. 21, Motion to Remand "back to the Supreme or
Federal Court" by purported plaintiff Cathryn Lafayette
("Lafayette") filed 10/17/12; ECF No. 22, Answer to Defendants'
Motion to Dismiss by Lafayette filed 10/17/12; ECF No. 23,
"Answer to Defendants' Declaratory and Relief and Damages
Racketeering" by Lafayette filed 10/17/12; ECF No. 30,
"Reply/Answer in Opposition to Defendant's Motion to Dismiss or
Remove this Case to Michigan" by purported plaintiff Ronald

Kerkstra ("Kerkstra") filed 10/24/12; ECF No. 31, Motion for
Summary Judgment by Lafayette filed 10/26/12; ECF No. 32,
"Motion to Deny Defendants' Request to Dismiss" by purported
plaintiff Patricia Crenshaw ("Crenshaw") filed 10/26/12; ECF No.
33, "Plaintiff's Answer and Motion to Deny Defendant's Request
to Transfer Case Back to Michigan" by Crenshaw filed 10/26/12;
ECF No. 50, Amended Motion for Summary Judgment by Lafayette
filed 11/2/12; ECF No. 54, "Plaintiff's Motion to Deny All of
the Defendants' Motions to Dismiss and [Motion] for Summary
Judgment" by Adams filed 11/2/12; ECF No. 60, "Motion For Leave
To Amend Complaint And To Add Plaintiffs" by purported plaintiff
Clarence Matthews ("Matthews") filed 11/5/12; ECF No. 63,
"Motion to Dismiss Defendants' Foreclosure Action" by Adams
filed 11/5/12; ECF No. 66, "Motion for Discovery, to Amend
Complaint, Dismiss Defendant's Motion to Dismiss" by Adams filed
11/13/12; ECF No. 67, "Motion to Dismiss Defendants' Foreclosure
Action" by Adams filed 11/13/12; ECF No. 77, Amended Complaint
by purported plaintiff Arzel L. Foster III ("Foster") filed
12/18/12.)

## DISCUSSION

### I.   Severance

        Defendants MERS and U.S. Bank move to sever Adams's
claims and transfer her claims to the Eastern District of

Michigan.  (*See* ECF No. 34, Notice of Mot. to Sever and to Transfer Venue by U.S. Bank and MERS dated 10/5/12.)  In support of their motion, defendants argue that all other purported plaintiffs' claims do not arise out of the same transaction or occurrence nor involve common questions of law or fact.

Federal Rule of Civil Procedure 20(a) permits the joinder of multiple plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect, to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  If a court concludes that plaintiffs have been improperly joined under Rule 20, it has broad discretion under Rule 21 to sever parties from the action.  *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."); *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988) ("The decision whether to grant a severance motion is committed to the sound discretion of the trial court."); *In re Facebook, Inc.*, No. 12-2389, 2013 WL 4399215, at *2 (S.D.N.Y. Aug. 13, 2013) (same).

The courts weigh several factors in a severance analysis including:

10

(1) whether the claims arise out of the same
transaction or occurrence; (2) whether the claims
present some common questions of law or fact; (3)
whether settlement of the claims or judicial economy
would be facilitated; (4) whether prejudice would be
avoided if severance were granted; and (5) whether
different witnesses and documentary proof are required
for the separate claims.

*Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580
(E.D.N.Y. 1999).

Here, it is clear that the purported plaintiffs are improperly joined. Plaintiffs' claims involve different facts, different properties located in different states, different defendants, and different analyses of underlying state law giving rise to their claims of fraud and unlawful foreclosures. The first factor weighs in favor of severance because the claims do not arise out of the same occurrence or transaction. *See Abraham v. Am. Home Mortg. Servicing, Inc.*, No. 12 CV 4686, 2013 WL 2285205, at *4 (E.D.N.Y. May 23, 2013) (claims by plaintiffs who engaged in separate loan transactions with the same lender cannot be joined in a single action under federal permissive joinder rule, since separate loans are not considered to be the same "transaction or occurrence."). The second factor weighs in favor of severance because plaintiffs' claims do not present common questions of law or fact. *See Kalie v. Bank of Am. Corp., et al.*, No. 12 Civ. 9192, 2013 WL 4044951, at *4-5

11

(S.D.N.Y. Aug. 9, 2013) (plaintiffs, homeowners from 16 different states, alleging that they were injured as a result of separate mortgage transactions failed to allege common questions of law or fact).

In addition, the third factor weighs in favor of severance because settlement of the claims and judicial economy are likely to be facilitated if the claims are litigated separately in the appropriate state or federal district court. The fourth factor, whether prejudice would be avoided, weighs neither in favor of severance or joinder.  The fifth factor, whether different witnesses and documentary proof are required for the separate claims, also weighs in favor of severance.

Accordingly, the court finds that the attempts by Adams, Clarence Matthews, and Arzel L. Foster III to join other *pro se* plaintiffs is improper.  The court grants the motion by defendants MERS and U.S. Bank to sever Adams's claims from the claims of the other purported *pro se* plaintiffs.

Moreover, Adams, Matthews, and Foster, none of whom appear to be attorneys, may not represent other plaintiffs.  *See Berrios v. N.Y. City Housing Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) ("an individual generally has the right to proceed *pro se* with respect to his *own* claims or claims against him personally, [but 28 U.S.C. § 1654] does not permit unlicensed laymen to

12

represent anyone else other than themselves."); *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) (an unlicensed individual "may not appear on another person's behalf in the other's cause"); *see also* Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed by ... a party personally if the party is unrepresented."). Accordingly, the court dismisses the claims of all purported plaintiffs, except Grace Adams, without prejudice. To the extent that any of the dismissed purported plaintiffs wish to pursue claims on their own behalf, the court notes that claims regarding their property should generally be filed in the jurisdiction where the property is located and the claim arose. 28 U.S.C. § 1391(b).

For the foregoing reasons, in addition to dismissing the claims of all purported plaintiffs except for Adams, the motion of purported *pro se* plaintiff Clarence Matthews to amend the complaint to add additional *pro se* plaintiffs is denied (ECF No. 60), and the unauthorized amended complaint filed by Arzel L. Foster III, as "document preparer," on behalf of additional *pro se* plaintiffs is stricken (ECF No. 77).

## II.  Improper Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

13

been brought." 28 U.S.C. § 1404(a). Section 1406(a) permits transfer of a case pursued in the "wrong district." *See* 28 U.S.C. § 1406(a). The purpose of Section 1404(a) "is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Blechman v. Ideal Health, Inc.*, 668 F. Supp. 2d 399, 403 (E.D.N.Y. 2009) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *see also Easy Web Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 347 (E.D.N.Y. 2012). "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006); *Levy v. Welsh*, No. 12 CV 2056, 2013 WL 1149152, at *3 (E.D.N.Y. Mar. 19, 2013).

A motion to transfer venue involves two inquiries: (1) whether the action concerning the claims of Adams could have been brought in the proposed transferee district pursuant to the federal statute governing venue,[5] in this case the Eastern

---

[5]    Title 28 U.S.C. § 1391 provides, in pertinent part, that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

14

District of Michigan, and (2) whether transfer is warranted for the convenience of the parties and witnesses, in the interest of justice. *See* 28 U.S.C. § 1404(a); *US Engine Prod., Inc. v. ISO Group, Inc*., No. 12-CV-4471, 2013 WL 4500785, at *5 (E.D.N.Y. Aug. 20, 2013).  The factors to be considered in determining whether to grant a motion to transfer venue include: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *Phillips v. Reed Grp., Ltd.*, No. 07 Civ. 3417, 2013 WL 3340293, at *5 (S.D.N.Y. July 1, 2013).

In addition, the "interest of justice component of the Section 1404(a) analysis may be determinative in a particular case." *Cali v. East Coast Aviation Servs., Ltd.*, 178 F. Supp.

---

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

2d 276, 295 (E.D.N.Y. 2001) (internal quotation marks and citation omitted).  Where another court has familiarity with the parties and issues, it is in the interest of justice to transfer the case to that tribunal in order to alleviate the concerns of "wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). *See also Wyndham Assocs. v. Bintiff*, 398 F.2d 614, 620 (2d Cir. 1968) (transferee court's "familiarity with the legal problems . . . relating to the affairs [of the plaintiff] constitutes a precious asset, increasing in value with the passage of time, and . . . will undoubtedly lighten the burden of litigants and courts alike"); *Falconwood Fin. Corp. v. Griffin*, 838 F. Supp. 836, 842 (S.D.N.Y. 1993) ("'Interest of justice' encompasses the private and public economy of avoiding multiple cases on the same issues.").

The party seeking to transfer a case carries the burden of making out a strong case for transfer, and the courts evaluate such motions under a clear and convincing evidence standard to determine whether to exercise discretion to grant a motion to transfer. *N. Y. Marine & Gen. Ins. Co.*, 599 F.3d at 113–14.

Here, given the large litigation history of Grace Adams in the Eastern District of Michigan, the above factors

16

dictate that the Adams's claims should be transferred to the Eastern District of Michigan.  First, this action should have been brought in the Eastern District of Michigan, as the property that is the subject of this litigation is located in Michigan, a substantial part of the events or omissions giving rise to this claim occurred in Michigan, and documents and witnesses relevant to plaintiff's claims are most likely to be located in Michigan.  In addition, given the litigation history between the parties which has spanned several years, as well as the orders enjoining plaintiff from further filing without leave of court, the Eastern District of Michigan must be given the opportunity to determine whether this action may proceed.  In particular, plaintiff Adams's apparent attempt to circumvent the injunctive order of the district court in the Eastern District of Michigan by filing her action in New York Supreme Court should be addressed by the district court in the Eastern District of Michigan.  Accordingly, in the interest of justice Grace Adams's action is transferred to the United States District Court for the Eastern District of Michigan.  28 U.S.C. § 1404(a).

<u>**CONCLUSION**</u>

Accordingly, it is hereby ordered that:

17

1.    All purported *pro se* plaintiffs, including John Crockett, Humza AL-Hafeez, Ronald L. Kerkstra, Patricia Crenshaw, Matthew Cruise, Barbara Cruise, Cathryn Lafayette, Carole Line Koumba, Mary Muhammad, Cosmas Martial Medouovono, Gregory L. Lambert, Myron Banks, Carla Banks, Emma Brathwaite, Carlotta Aneiro, Clarence Matthews, Muslim Muhammad, Arzel L. Foster III, Joel Marshall, Fortunata Koellmer, Robert Koellner, Delores Simpson, Edward Simpson, the Estate of Clord Davis, Nader Alborno, Sammy Alborno, and Boonnuang P. Kalof, were never properly joined, and therefore their proposed claims are dismissed from this action without prejudice.  The Clerk of Court for the Eastern District of New York shall enter judgment dismissing without prejudice the claims of all purported *pro se* plaintiffs except Grace Adams.

2.    In light of the severance and transfer of Grace Adams's claims and the dismissal without prejudice of all claims by the purported *pro se* plaintiffs except Grace Adams, the following motions by Adams and purported plaintiffs are rendered moot, and the Clerk of Court is respectfully requested to terminate these motions.

- ECF No. 21, "Motion to Remand Back to the Supreme Court or Federal Court" by Cathryn Lafayette, filed October 17, 2012

18

- ECF No. 31, "Motion for Summary Judgment" by Cathryn Lafayette, filed October 26, 2012

- ECF No. 33, "Plaintiff's Answer and Motion to Deny Defendant's Request to Transfer Case Back to Michigan and Plaintiff's Request for Summary Judgment" by Patricia Crenshaw, filed October 26, 2012

- ECF No. 50, "Amended Motion for Summary Judgment" by Cathryn Lafayette, filed November 2, 2012

- ECF No. 60, "Motion for Leave to Amend Complaint And To Add Plaintiffs" by Clarence Matthews, filed November 5, 2012.  As with Grace Adams, Mr. Matthews, a *pro se* plaintiff, cannot represent other plaintiffs, and his motion is denied.  Mr. Matthews is ordered to serve a copy of this Memorandum and Order on the purported *pro se* plaintiffs he sought to add.  Mr. Matthews must file a declaration of service with this court within ten days of the date of this Memorandum and Order.

- ECF No. 99, Motion for Joinder by Grace Adams, filed September 11, 2013

3.   The "Amended Complaint" filed by purported plaintiff Arzel L. Foster on December 12, 2012 is stricken.  As discussed *supra*, Mr. Foster, like Adams, is a non-attorney and may not represent other plaintiffs.  Mr. Foster is ordered to serve a copy of this Memorandum and Order of the *pro se* plaintiffs he sought to add in his "Amended Complaint," and to file a declaration of service with this court within ten days of the date of this Memorandum and Order.

4.   Defendants MERS and U.S. Bank's motion to sever and transfer Adams's claims to the Eastern District of Michigan is granted.  (*See* ECF No. 34, Notice of Mot. to Sever and to Transfer Venue by U.S. Bank and MERS dated 10/5/12.)

5.   Defendants Bank of America, CitiMortgage, and Fannie Mae's motion to transfer Adams's action to the Eastern District of Michigan is granted.  (*See* ECF No. 35, Mot. to Change Venue by Bank of America dated 10/5/12.)

6.   In light of the dismissal without prejudice of all claims except those of Grace Adams, defendant Wells Fargo's motion to strike Adams's third amended complaint seeking to add parties and claims is granted.  (*See* ECF No. 25, Mot. to Strike Am. Comp. filed 10/18/12.)

7.   Defendant Wells Fargo's motion to dismiss the complaint for failure to state a claim (ECF No. 42, Mot. to

Dismiss by Wells Fargo), and Ally Bank's motion to dismiss the complaint (ECF No. 38, Mot. to Dismiss by Ally Bank), are granted without prejudice as to all purported plaintiffs except Adams, and defendants' motions as to Adams are reserved for the transferee court.

The Clerk of Court is respectfully requested to transfer plaintiff Grace Adams's action to the United States District Court for the Eastern District of Michigan, 28 U.S.C. §§ 1404(a), 1406(a), enter judgment dismissing without prejudice the claims of the other purported plaintiffs, and close this case.

Defendants MERS and U.S. Bank are directed to serve all purported plaintiffs on the docket with a copy of this Memorandum and Order and file a declaration of service within two days of the date of this Memorandum and Order.[6]

Purported plaintiff Clarence Matthews is ordered to serve a copy of this Memorandum and Order on the plaintiffs he proposed to add in his motion (*see* ECF No. 60), and to file a declaration of service within ten days of the date of this Memorandum and Order.

Purported plaintiff Arzel L. Foster is ordered to serve a copy of this Memorandum and Order on the plaintiffs he

---

[6]     On September 23, 2013, Adams provided addresses for the purported plaintiffs for whom she has prepared and filed documents. (*See* ECF No. 100.)

21

sought to represent in his "Amended Complaint" (*see* ECF No. 77),
and to file a declaration of service within ten days of the date
of this Memorandum and Order.


        SO ORDERED.

Dated: September 27, 2013
       Brooklyn, New York


                                    /s/
                              _____
                              KIYO A. MATSUMOTO
                              United States District Judge

22